NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50033 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-02644-BEN |
| v. | |
| JORGE EDWIN RIVERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Jorge Edwin Rivera appeals from the district court's judgment and

challenges the 150-month sentence and 10-year term of supervised release imposed

following his guilty-plea conviction for conspiracy to import methamphetamine

and aiding and abetting, in violation of 21 U.S.C. §§ 952, 960, and 963, and 18

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rivera contends the district court misinterpreted and misapplied the minor role Guideline, U.S.S.G. § 3B1.2, and its commentary in denying his request for a minor role reduction. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reveals that the district court identified the correct legal standard and was aware of the five factors under the amended Guideline. *See* U.S.S.G. § 3B1.2 cmt. n.3 (C). Contrary to Rivera's claim, the district court's decision to accord little weight to Rivera's lack of proprietary interest in the drugs and his allegedly limited knowledge about the drug organization was not an abuse of discretion in this case, given Rivera's participation in prior smuggling activity, the sophistication of the smuggling operation, and the amount of drugs smuggled. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Rivera's contention that the district court relied on clearly erroneous facts in denying the minor role adjustment is not supported by the record.

Rivera next contends that the district court violated his right to due process by basing the sentence on unsupported assumptions about his probable addiction to methamphetamine, the likelihood that his daughter would become addicted to

drugs, and the negative influence that he might have on his daughter. We agree that the district court's statements regarding Rivera's purported drug use and Rivera's daughter were unsupported by the record. *See United States v. Safirstein*, 827 F.2d 1380, 1385 (9th Cir. 1987) ("[U]nfounded assumptions or groundless inferences . . . may not, consistent with due process, form the basis of sentence."). However, Rivera's counsel corrected the district court and the district court accepted counsel's statements. Additionally, there is no indication that the district court relied on its improper conjectures in imposing Rivera's below-Guideline sentence. Accordingly, there was no due process violation. *See United States v. Christensen*, 732 F.3d 1094, 1106 (9th Cir. 2013) (to establish a due process violation, defendant must show that the challenged information "was demonstrably made the basis for the sentence imposed").

Finally, Rivera contends the district court erred by failing to calculate the supervised release Guidelines range and by failing to explain the 10-year term of supervised release. Reviewing for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), we conclude that there is none because Rivera has not shown a reasonable probability that his sentence would have been different absent the alleged errors, *see United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). The presentence report accurately reflected the undisputed Guidelines range of five years. The government nevertheless

3                                                                                        18-50033

recommended a 10-year term, and Rivera's counsel acknowledged at the sentencing hearing that the court was likely to impose "a lengthy supervised release period." The court's reasons for the 10-year term of supervised release are apparent from the record, including Rivera's criminal history and previous performance on supervised release. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**

18-50033